[L. A. No. 6865. In Bank.—March 1, 1923.]

### RAY L. SARGENT, Respondent, v. NORTH END WATER COMPANY (a Corporation), Appellant.

[1] NEGLIGENCE—FAILURE TO FURNISH WATER—LOSS OF CROPS—DAMAGES—INSTRUCTIONS.—In this action for damages from loss of crops alleged to have resulted from defendant's failure to furnish plaintiff water, the judgment is reversed because of erroneous modification of an instruction on damages.

APPEAL from a judgment of the Superior Court of Orange County. R. Y. Williams, Judge. Reversed.

This is an action by a stockholder of a corporation, organized to furnish water to its stockholders for irrigation, to recover damages for loss of crops alleged to have occurred by reason of defendant's negligence in failing to supply plaintiff with water.

The facts are stated in the opinion of the court.

Nathan Newby for Appellant.

Conkling & Brown for Respondent.

THE COURT.—The following opinion was rendered by the court from the bench on February 19, 1923.

The judgment is reversed because of the error of the trial court in modifying instruction No. 3 by striking out the portion thereof in italics. The instruction is as follows:

"You are further instructed that if you find from the evidence that the plaintiff, Ray L. Sargent, could by the exercise of reasonable diligence have prevented the injury complained of, but failed to do so, then your verdict must be for the defendant, *and if you find that the plaintiff could have prevented the injury complained of by the expenditure of a comparatively small sum of money, and find otherwise according to these instructions that the plaintiff is entitled to recover anything at all from the defendant, then the measure of damage would be the amount of money which*

*could have reasonably prevented the injury complained of*
*had the plaintiff expended said money.''*

The judgment is reversed.

Wilbur, C. J., Lawlor, J., Lennon, J., Waste, J., Sea-well, J., Kerrigan, J., and Myers, J., concurred.